# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID YAMASAKI,<br><br>    Defendant. | Case No. 8:25-cv-00132-DSF (MAA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Dale S. Fischer, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

Before the Court is Defendant David Yamasaki's ("Defendant") Motion to Dismiss Case ("Motion") and Notice of No Opposition Filed to the Motion ("Notice"). (Mot., ECF No. 19; Not., ECF No. 23.) The Court deems the Motion appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set for below, the Court recommends that Defendant's Motion be **GRANTED** and the action be **DISMISSED** without prejudice.

///

///

## I.     INTRODUCTION

On January 23, 2025, Plaintiff Jane Doe ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of her civil rights pursuant to 42 U.S.C. § 1983 against Defendant. (Compl., ECF No. 1.) The Court subsequently received several notifications that certain documents served on Plaintiff via mail at her registered street address had been returned as undeliverable. (ECF Nos. 4, 8, 12, 13.) On April 24, 2025, Plaintiff telephoned the Courtroom Deputy for Magistrate Judge Maria A. Audero to advise that she was aware of the returned mail and explained that her mail was being returned because she did not include an apartment number on her registered address, which she purposefully omitted because she is trying to protect her identity.

In response, on August 30, 2025, the Court ordered Plaintiff to update her service address with one that would not cause mail to be returned as undeliverable ("Order"). (Order, ECF No. 15.) The Order stated that Plaintiff had violated Central District of California Local Rule ("Local Rule") 41-6 which provides:

> ***Dismissal – Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.***  A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address.  If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6; Order 1. The Court also suggested that Plaintiff consider registering for the Court's Electronic Service for Pro Se Litigants pursual to Local Rule 5-3.2.2, which would allow her to receive electronic service of documents through the Court's CM/ECF System. (*Id.* at 2.) The Order was returned as

undeliverable on May 23, 2025 (ECF No. 24) and, to date, Plaintiff has neither updated her service address nor registered for electronic service.

On May 9, 2025, the Court set a status conference to discuss concerns it had regarding Plaintiff's service of process on Defendant (ECF No. 18), which was taken off calendar when Defendant filed his Motion on May 13, 2025 (ECF No. 20). The Motion is brought on the following grounds: (1) the Court lacks subject matter jurisdiction pursuant to Article III and prudential standing; (2) the Court lacks subject matter jurisdiction pursuant to the mootness doctrine; (3) the Complaint is barred by absolute quasi-judicial immunity; (4) the Complaint is barred by the Eleventh Amendment; and (4) the Complaint fails to state a claim upon which relief can be granted. (Mot. 2.)

On May 16, 2025, the Court ordered Plaintiff to file an opposition no later than June 4, 2025 ("Second Order."). (2d Order, ECF No. 21.) In its Second Order, the Court cautioned Plaintiff that "failure to respond to the Motion may be construed as consent to the granting of the Motion and may result in dismissal of the action" pursuant to Local Rule 7-12 and *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). (*Id.*) Plaintiff did not file an opposition. On June 11, 2025, Defendant filed his Notice requesting that the Court grant his Motion due to Plaintiff's failure to file an opposition or otherwise respond. (Not. 3.) To date, Plaintiff has not filed an opposition.

**II.   LEGAL STANDARD**

Local Rule 7-12 provides in pertinent part:

> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .

///

C.D. Cal. L.R. 7-12; *see also Ghazali*, 46 F.3d at 53–54 (affirming dismissal on the basis of an unopposed motion pursuant to local rule).

In addition, district courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure ("Rule") 41(b). *Hells v. Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b)—other than for lack of jurisdiction, improper venue, or failure to join a party—operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 883 F.2d 128, 120 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted).

Before dismissing an action for failure to follow a local rule, failure to prosecute, or failure to comply with a court order, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Ghazali*, 46 F.3d at 53–54 (quoting *Henderson*, 779 F.2d at 1423) (failure to follow a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or failure to comply with a court order). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly

///

support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

### III. DISCUSSION

#### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Plaintiff has not filed an opposition to the Motion. Nor has Plaintiff updated her service address. Indeed, Plaintiff has not communicated with the Court since April 24, 2025, when she telephoned to advise that she was aware she had provided an insufficient service address. (*See* Order.) The Court concludes that Plaintiff's failures—to file an opposition to the Motion, to update her service address, and to comply with the Court's orders—constitute unreasonable delay. Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit]

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

As Plaintiff has not communicated with the Court since April 24, 2025, the Court cannot ascertain Plaintiff's reason for failing to file an opposition or failing to comply with the Court's orders. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") As "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to recommending dismissal. With respect to Plaintiff's service address, the Court

6

issued an Order warning Plaintiff of her obligation under the Local Rules and, considering Plaintiff's particular concerns regarding her address, suggesting that Plaintiff register for electronic service. (*See generally* Order.) With respect to the Motion, the Court warned Plaintiff that failure to file an opposition could be construed as consent to the granting of the Motion and could result in dismissal of the action. (2d Order.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Nonetheless, Plaintiff has failed to file an opposition to the Motion or otherwise communicate with the Court since April 24, 2025. The fourth factor weighs in favor of dismissal.

### D.    Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has not progressed since Plaintiff's failure to file an opposition to the Motion, despite the Court's express warning that failure to oppose the Motion could be construed as consent to the granting of the Motion and may result in dismissal of the action. (*See* 2d Order.) Still, the public policy favoring the resolution of disputes on the merits is strong and, under these circumstances, outweighs Plaintiff's noncompliance and inaction.

///
///
///
///

### E. Dismissal Without Prejudice

As discussed above, Plaintiff's failures to file an opposition to the Motion, to update her service address, and to comply with the Court's orders constitute unreasonable delay. In addition, four of the factors analyzed above weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action is warranted but, in the Court's exercise of discretion, the dismissal should be without prejudice.

## IV. RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting this Report and Recommendation, (2) granting Defendant's Motion, and (3) directing that Judgment be entered dismissing this action without prejudice.

DATED: 7/1/2025

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

8